Filed in Open Court
12/17/2025
Skyler B. O'Hara
By M. Decker
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 2:24-cr-20093-HLT |
| MARCEL SMITH, | |
| Defendant. | |

# PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney Ryan J. Huschka, and Marcel Smith, the defendant, personally and by and through his counsel, Bailey Kennedy, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 of the Indictment charging a violation of 18 U.S.C. § 922(g), that is, felon in possession of ammunition. By entering into this Plea Agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Indictment to which he has agreed to plead guilty is not more than fifteen years of imprisonment, a $250,000 fine, three years of supervised release, and a $100.00 mandatory special assessment. The defendant further agrees to forfeit property or money to the United States, as agreed.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

The defendant was serving a parole sentence with the Kansas Department of Corrections (KDOC) for Possession of Opiates and Aggravated Battery. On September 1, 2023, KDOC issued

Ver. 03-01-24

a felony arrest warrant for the defendant after determining he violated the conditions of his supervision. This case was adopted by the United States Marshals Service (USMS) Kansas Fugitive Apprehension Task Force.

Beginning in May of 2024, USMS began conducting physical surveillance at 2928 Martin Luther King Dr in Leavenworth, KS for several hours at a time without success. On June 18, 2024, USMS personnel observed a female and the defendant's aunt entering and exiting 2928 Martin Luther King Dr Apartment #2. At approximately 4:30 pm, a Deputy US Marshal (DUSM) observed a tall, thin black male with long braided hair enter 2928 Martin Luther King Dr Apt #2. The DUSM said the individual had the same height, build, complexion, and facial features as the defendant. A Leavenworth police officer began reviewing video surveillance from the apartment complex in an attempt to obtain an image of the subject to determine whether it was the defendant.

The officer sent USMS several photos of the subject from surveillance video and it was determined the subject who entered the apartment was the defendant. The video showed the defendant carrying what appeared to be a pistol with an extended magazine in his waistband. He had a purple jacket wrapped around his waist in the video.

KFATF surrounded the apartment to effect the defendant's arrest. The defendant surrendered at the front door and was restrained. He was placed in a secure transport vehicle. USMS entered the apartment to conduct a search pursuant to the defendant's conditions of supervision and K.S.A. 22-3717(k)(2). In the upstairs northern bedroom, USMS observed a purple jacket the defendant appeared to be wearing in the surveillance video. They located a black and gold pistol with an extended magazine on the floor of the bedroom. There were other items in the room indicating a male resided in the room, such as shoes and clothing. USMS collected the fireman as evidence.

The firearm was a personally made 9mm pistol. A single round of ammunition was in the firearm, and four rounds were in the extended magazine. The ammunition was confirmed to have been manufactured in the Czech Republic (Sellier & Bellot) and Arkansas or Ohio (Remington), and therefore necessarily traveled in interstate commerce before it was discovered in Kansas.

On December 16, 2024, after the instant indictment was returned and an arrest warrant issued, the defendant's state parole officer called him and asked him to meet in the front of the apartment in Leavenworth, Kansas where the defendant was living with his mother. The defendant was taken into custody. The defendant's mother consented to a search of the premises, pursuant to the conditions of the defendant's release from state custody. The defendant's mother said he slept on the couch. A backpack was discovered adjacent to the couch and a black pistol holster was discovered on the couch. The defendant's mother said it was for a firearm she sold at a pawnshop a year earlier. An officer observed a smoking device in the backpack by the couch. He asked the defendant's mother if the backpack had any smoking pipes and she initially said no. When the officer told her he could see one, she said it was her backpack but that the defendant was using it at the moment. The officer searched the bag and found a black pistol with an obliterated serial number and a magazine with six unspent rounds and one in the chamber.

Both firearms were submitted for DNA testing. The black and gold 9mm pistol with the extended magazine, which was recovered in June 2024, had a partial DNA profile that was of

2

insufficient quality for comparison. The firearm recovered from the backpack in December 2024 had a major DNA profile consistent with Smith's DNA.

3. **Application of the Sentencing Guidelines.** The parties understand that the Court will apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and may impose a sentence consistent with the Guidelines. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The parties agree that the Court will determine the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4. **Relevant Conduct.** The parties have agreed to the application of the Guidelines. Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, will be considered as relevant conduct for purposes of calculating the offense level for the count of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

   (a) to dismiss the remaining counts of the Indictment at the time of sentencing;

   (b) to not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment, including with respect to the firearm and ammunition recovered from the backpack in December 2024;

(c) to recommend a sentence at the low end of the applicable Guideline range, and to allow the defendant to reserve the right to request a downward departure and/or a variance; and

(d) to recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if his offense level is 16 or greater, prior to any reduction for acceptance of responsibility, and the Court finds he qualifies for a two-level reduction, the United States will move at the time of sentencing for an additional one-level reduction for acceptance of responsibility because he timely notified the government of his intention to enter a plea of guilty.

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United

States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

6. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence he will receive.

7. **Forfeiture of Assets.** The defendant agrees to the forfeiture of the following property to the United States: A personally made firearm, 9mm caliber pistol; four rounds of Sellier & Bellot ammunition; and one round of Remington ammunition. The defendant agrees that this property was used or involved in the commission of Count 1. The defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses regarding the forfeiture of property and withdraws any administrative claim or petition for remission regarding the property. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of his sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

The defendant also knowingly and voluntarily agrees and consents to abandon his interest in the black Smith & Wesson SD40 VE firearm with an obliterated serial number and ammunition that was recovered from the backpack in December 2024. Additionally, the defendant agrees to

sign any and all documents necessary to effectuate the abandonment and transfer of his interest and possession of this property to the United States prior to the imposition of sentence.

8. **Withdrawal of Plea Not Permitted.** The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

9. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

10. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including assessments, as well as the length and conditions of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs or varies upwards

from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

11. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

12. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

13. **Parties to the Agreement.** The defendant understands this Plea Agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

14. **Voluntariness of Guilty Plea.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

/s/ Ryan J. Huschka
Ryan J. Huschka
Assistant United States Attorney

Date: 9/15/2025

/s/ D. Christopher Oakley
D. Christopher Oakley
Assistant United States Attorney
Supervisor

Date: 9/15/2025

Marcel Smith
Defendant

Date: 12-17-25

Bailey Kennedy
Counsel for defendant

Date: 12-17-25

8